## S96Y1582. IN THE MATTER OF TERRY L. SHAW.
(472 SE2d 307)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against Terry L. Shaw alleging violations of Standards 4 (conduct involving dishonesty, fraud, deceit or wilful misrepresentation) and 44 (wilful abandonment or disregard of a legal matter). Although he was properly served, Shaw failed to respond within 30 days, and, pursuant to Bar Rule 4-212 (a), the special master appointed in this matter found the facts alleged and violations charged in the formal complaint to be deemed admitted. The review panel adopted the special master's findings and, in considering the violations in this proceeding, as well as Shaw's prior disciplinary infractions, and other aggravating factors, recommends that Shaw be disbarred.

The allegations established by default in this case were that Shaw agreed to represent two clients in a suit for wrongful conversion against another party, that he agreed to file complaints for those clients, but subsequently failed to return the clients' calls, and did not file complaints as promised. We agree with the State Bar and review panel that the violations in this case reflect a pattern of misconduct by Shaw involving violations of Standard 44. In April 1995, Shaw received a public reprimand for violating Standard 44 in connection with his representations of two clients in adoption proceedings. Although he collected fees from the clients, and delivered babies

to the adoptive parents, he did not complete the adoption proceedings. The clients hired a second attorney to complete the adoption proceedings and recover the money Shaw held in trust for medical expenses. In January 1996, Shaw received a review panel reprimand for violating Standard 44 in connection with his agreement to file a legitimation or custody petition. Shaw failed to communicate with the client and failed to file a petition as he had agreed. Eventually, after the client filed a grievance with the State Bar, Shaw filed the necessary petitions.

We agree with the State Bar and review panel that Shaw's conduct in this case constitutes a third disciplinary infraction, which, under Bar Rule 4-103 in itself warrants disbarment. We note the additional aggravating factors of Shaw's pattern of misconduct, and his substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (a) (c) (I). We have reviewed the record and agree with and adopt the review panel's recommendation. It is hereby ordered that Terry L. Shaw is disbarred from the practice of law in Georgia and that, within the time provided, he certify to this Court that he has taken all actions necessary to protect the interests of his clients and that he has satisfied all the requirements of Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 15, 1996 —
RECONSIDERATION DENIED SEPTEMBER 5, 1996.

*William P. Smith III, General Counsel State Bar, Marie L. McCarthy, Assistant General Counsel State Bar,* for State Bar of Georgia.